# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                         Case No. 07-Cr-81

ANTHONY DISMUKE,

    Defendant.

## MAGISTRATE JUDGE'S RECOMMENDATION TO THE HONORABLE LYNN ADELMAN

## NATURE OF CASE

On April 3, 2007, a federal grand jury sitting in this district returned a one-count indictment against defendant Anthony Dismuke. The defendant is charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and § 924(e)(1). The indictment asserts that the defendant is an armed career criminal.

On April 13, 2007, the defendant appeared before United States Magistrate Judge William E. Callahan, Jr. for arraignment, entering a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time, the defendant has filed the following motions: 1) motion to dismiss, or alternatively to strike the Armed Career Criminal Act allegations (Docket #9), 2) motion to suppress physical evidence and statements derived therefrom (Docket #10) and 3) a second motion to suppress physical evidence and evidence derived therefrom-II. (Docket #11). These motions will be addressed herein.

## MOTION TO DISMISS ARMED CAREER CRIMINAL ACT ALLEGATIONS

The defendants seeks dismissal of the Armed Career Criminal Act (Act) allegations in the indictment or, alternatively, the striking of those allegations. He asserts that the statute as currently interpreted is subject to challenge on both Fifth and Sixth Amendment grounds. However, he acknowledges that the Court of Appeals for the Seventh Circuit has repeated rejected the position that the Apprendi[1] rule applies to prior convictions used to enhance a defendant's sentence under the Act. Therefore, the defendant states that he is raising this issue to preserve it for possible consideration by the United States Supreme Court.

In light of the court of appeals decisions, the defendant's motion to dismiss the Armed Career Criminal Act allegations should be denied. See, e.g., United States v. Wilburn, 473 F.3d 742, 745-56 (7th Cir. 2007); United States v. Browning, 436 F.3d 780, 782 (7th Cir. 2006). Accordingly, the court will recommend that the district judge enter an order denying the defendant's motion.

## MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS DERIVED THEREFROM
## (Docket #10)

The court conducted an evidentiary hearing on the defendant's motion to suppress statements for May 17, 2007. However, after discussion with counsel, the court concluded that the motions did not warrant an evidentiary hearing and should appropriately be decided on the briefs submitted by the parties.

The defendant seeks suppression of the physical evidence seized pursuant to a search warrant executed at approximately 3:30 p.m. on January 29, 2007, based on the following

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

grounds: 1) the information presented in support of the search warrant was insufficient to establish probable cause; 2) the execution of the search warrant exceeded its lawful scope; 3) the evidence and the statement would not have been inevitably discovered or obtained; and 4) the officers executing the search warrant did not act in good faith.

The government asserts that the information provided by the informant, which was corroborated by Officer Anthony Randazzo of the Milwaukee Police Department, established probable cause to issue the warrant. In the alternative, the government maintains that in the event the court concludes that the warrant is not supported by probable cause, Officer Randazzo acted in good faith.

## **Analysis**

In determining whether probable cause exists to support a search warrant, the judge must consider the totality of the circumstances. United States v. Brack, 188 F.3d 748, 755 (7th Cir. 1999) (citing Illinois v. Gates, 462 U.S. 213, 238 [1983]). "The task of the issuing magistrate is simply to make a practical common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Newsom, 402 F.3d 780, 782 (7th Cir. 2005), cert. denied, __ U.S. __, 126 S.Ct. 1455 (2006) (quoting Illinois v. Gates, 462 U.S. 213, 238 [1983]).

"Probable cause is established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." United States v. Peck, 317 F.3d 754, 756 (7th Cir. 2003). "Probable cause denotes more than mere suspicion, but does not require certainty."

- 3 -

United States. v. McNeese, 901 F.2d 585, 592 (7th Cir. 1990) (quoting United States v. Ellery, 678 F.2d 674, 677 [7th Cir. 1982]).

"Probable cause does not require direct evidence linking a crime to a particular place. Instead, issuing judges are entitled to draw reasonable inferences about where evidence is likely to be found given the nature of the evidence and the type of offense." United States v. Anderson, 450 F.3d 294, 303 (7th Cir. 2006) (internal quotation marks and citations omitted). Thus, a judge making a probable cause determination "need not determine that the evidence sought is in fact on the premises to be searched . . . or that the evidence is more likely than not to be found where the search takes place . . .. He need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit." United States v. Malin, 908 F.2d 163, 166 (7th Cir. 1990) (emphasis in original) (quoting United States v. Peacock, 761 F.2d 1313, 1315 [9th Cir. 1985]) ; see also, United States v. Sleet, 54 F.3d 303, 306 (7th Cir. 1995).

It is well established that a facially valid warrant issued by a neutral detached magistrate judge will be upheld if the police relied on the warrant in good faith. The decision to seek a search warrant is prima facie evidence that an officer was acting in good faith. United States v. Wiley, 475 F.3d 908, 917 (7th Cir. 2007) (citing United States v. Koerth, 312 F.3d 862, 866 [7th Cir. 2002]); Peck, 317 F.3d at 757. "The defendant must defeat this presumption with evidence that the issuing magistrate judge wholly abandoned his judicial role or that the officer's affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Wiley, 475 F.3d at 917.

When an affidavit for a search warrant is supported by a confidential informant's tip, the totality of the circumstances assessment involves multiple factors including:  1) the extent to

- 4 -

which the police corroborated the informant's statements; 2) the degree to which the informant acquired knowledge of the events though first-hand observation; 3) the amount of detail provided; and 4) the interval between the date of the events and the police officer's application for the warrant. United States v. Koerth, 312 F.3d 862, 866 (7th Cir. 2002); United States v. Jones, 208 F.3d 603, 609 (7th Cir. 2000). No single factor is determinative. Rather, "a deficiency in one factor may be compensated for by a strong showing in another or by some other indication of reliability." Peck, 317 F.3d at 756 (quoting United States v. Brack, 188 F.3d 748, 756 [7th Cir. 1999]).

In this case, in the search warrant affidavit, Officer Randazzo recounts information provided by a reliable confidential informant who advised that he had observed the defendant in possession of three firearms – two pistols and a shotgun – at the defendant's residence within the prior week. He positively identified the defendant by viewing a photograph and provided the defendant's address, 2528 W. Locust Street.

The information provided by the informant was corroborated by Officer Randazzo. He checked records maintained by the Wisconsin Circuit Court (CCAP) which showed that the defendant previously had been convicted of felonies. He confirmed through state drivers' license records that the defendant resided at the address provided by the informant. Officer Randazzo also observed an auto parked in the rear of the Locust Street address which was listed to the defendant at that address.

Contrary to the defendant's assertions, to the extent possible, the information provided by the informant was corroborated by Officer Randazzo. Moreover, the informant provided sufficient identification of the weapons and the time period when he observed them in the

defendant's apartment. The fact that the defendant can point out additional information the informant could have provided does not detract from the information provided.

However, Officer Randazzo's conclusory assertion that the confidential informant was "reliable" is more problematic. The affidavit provides no information as to the basis for his conclusion. As the court explained in Koerth, 312 F.3d at 867, "such characterizations, standing alone without any supporting factual information, merit absolutely no weight." See also, Brack, 188 F.3d at 755 (Information obtained from a reliable source must be treated as "information obtained from an informant of unknown reliability."). Nonetheless, statements from an informant of unknown reliability may, in certain circumstances, establish probable cause "if, under the totality of the circumstances, a reasonable person might consider the statements worthy of credence." Koerth, 312 F.3d at 868 (citing Gates, 462 U.S. at 238). Thus, weak factual information may be bolstered if law enforcement officers undertake probative efforts to corroborate the informant's claims. Koerth, 312 F.3d at 868 (quoting United States v. Weaver, 99 F.3d 1372, 1379 [6th Cir. 1996]).

In this case, as noted, law enforcement officers corroborated, through records checks and observation, that the defendant lived at 2528 W. Locust Street and that he was a convicted felon. The informant also positively identified the defendant as the person he observed with the gun in his possession within the prior week by viewing a photograph of the defendant. Thus, unlike the situation in Koerth where the affiant provided no information about efforts to corroborate the informants statements, here the officers verified certain information provided by the confidential informant. Accordingly, although grounds to conclude that the informant was reliable should have been included in the affidavit in support of the search warrant,

- 6 -

considering the totality of the circumstances, the court concludes that the affidavit established probable cause for the search of the defendant's residence.

Even if the court was to conclude that the affidavit failed to establish probable cause that evidence of a crime would be found at the residence, suppression of the evidence is not warranted. In United States v. Leon, 468 U.S. 897, 926 (1984), the Supreme Court held that an officer's good faith reliance on a court's determination of probable cause should not lead to the exclusion of probative evidence simply because a reviewing court later determined that probable cause was lacking. Thus, a facially valid warrant issued by a neutral, detached magistrate will be upheld if the police relied on the warrant in good faith. Id.

The Court in Leon explained: "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were reckless or dishonest in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." Id. The decision to seek a warrant is prima facie evidence that the agent was acting in good faith. Peck, 317 F.3d at 757; Koerth, 312 F.3d at 866.

In this case, the defendant does not argue that the court commissioner abandoned his role as a neutral and detached judicial officer when he issued the warrant, nor does he assert that the agent was reckless or dishonest in preparing the affidavit. Moreover, in reviewing the affidavit, there is no indication that the affidavit "was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Wiley, 475 F.3d at 917. Thus, the court finds that the officers relied on the warrant in good faith. See Leon, 468 U.S. at 926. Therefore, the court will recommend that the United States district judge enter an order denying the defendant's motion to suppress on the grounds stated in this motion.

- 7 -

Case 2:07-cr-00081-LA    Filed 06/20/07    Page 7 of 11    Document 20

## **MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS DERIVED THEREFROM - II**
**(Docket #11)**

In his second motion to suppress, the defendant asserts that any grounds submitted by law enforcement officers in support of a finding of probable cause on January 28, 2007, had dissipated once the law enforcement officers waited more than 24 hours before executing the warrant. The defendant maintains that because the warrant was not timely executed, any prior grounds for probable cause no longer existed and, therefore, the search violated the his rights under the Fourth Amendment to the United States Constitution.

Specifically, the defendant states that the search warrant commanded the law enforcement officers to execute the warrant "forthwith" and that the affidavit in support of the warrant stated that there is probable cause to believe that evidence of the stated crime "is now located at the residence." (Affidavit in Support of the Search Warrant ¶ 10, attached to the Defendant's Motion to Suppress Physical Evidence and Statements Derived Therefrom [Defendant's Motion]). As a result, he points out that the warrant issued by the court commissioner specifically stated that the affidavit showed "probable cause that on Sunday, January 28, 2007, in the County of Milwaukee, there is now located and concealed" on the specified premises the described objects of the search. (Search Warrant, attached to the Defendant's Motion). Thus, the defendant basically maintains that the information in the warrant was stale and could not support a finding of probable cause.

The government opposes the motion, asserting that the information provided by the informant was not stale and that the affidavit established probable cause to believe that firearms would be found in the defendant's possession on the day of the search. The

- 8 -

Case 2:07-cr-00081-LA   Filed 06/20/07   Page 8 of 11   Document 20

government also distinguishes the cases discussing the term "forthwith" cited by the defendant, pointing out that Fed. R. Crim. P. 41 allows up to ten days for the execution of the warrant.

## **Analysis**

In determining whether probable cause exists for a search, the court should consider, as one factor, the age of the information in the supporting affidavit. United States v. Lamon, 930 F.2d 1183, 1187-88 (7th Cir. 1991); United States v. Batchelder, 824 F.2d 563, 564 (7th Cir. 1987). Although the age of the information supporting a determination of probable cause is a factor to be considered, it is not determinative. United States v. Certain Real Property, Commonly known as 6250 Ledge Road, Egg Harbor, Wis., 943 F.2d 721, 724 (7th Cir. 1991); Lamon, 930 F.2d at 1187-88. "If other factors indicate that the information is reliable and that the object of the search will still be on the premises, then the magistrate should not hesitate to issue a warrant." Lamon, 930 F.2d at 1187 (quoting Batchelder, 824 F.2d at 564).

Moreover, the term, "forthwith", is synonymous with "reasonable." Federal Casting Div. Chromalloy American Corp. v. Donovan, 684 F.2d 504, 511 (7th Cir. 1982) (quoting United States v. Bedford, 519 F.2d 650, 655 [3rd Cir. 1975]) ("It is generally accepted. . . that a warrant need only be executed within a reasonable time after its issuance, notwithstanding the presence of 'forthwith' language in the complaint."); see also, State v. Edwards, 98 Wis.2d 367 (1980).

In Edwards, the Wisconsin Supreme Court stated:

We are convinced that 'forthwith' requires no more or less than reasonable promptness, diligence or dispatch in executing a warrant, considering the difficulties actually encountered in attempting to perform the task. The command of 'forthwith' clearly will not tolerate delay 'when deliberate and made by the officers for the purpose of selecting their own time and for their own purpose', especially where that purpose is to prejudice the rights of a suspect." (Footnotes omitted.)

- 9 -

98 Wis.2d at 375 (quoting United States v. Bradley, 428 F.2d 1013, 1016 [5th Cir. 1970]). Thus, the fact that the search warrant was to be executed "forthwith" does not support the defendant's contention that the warrant was not executed in a timely fashion.

In this case, the confidential informant advised Officer Randazzo, the affiant, that he had seen the defendant in possession of three guns in the defendant's residence within the prior week. The search warrant was executed the day after it was issued. The affidavit contains information provided by the informant which was corroborated, in part, by Officer Randazzo, including the defendant's address and his prior criminal record. In addition, the informant positively identified the defendant by viewing a photograph. Moreover, guns are not fungible items, like narcotics, and therefore are less likely to be sold in a short period of time. See United States v. Harju, 466 F.3d 602, 609 (7th Cir. 2006) (Court held that, unlike small amounts of drugs or cash, the gun, identified in the warrant, was not likely to have been sold during the three weeks that had elapsed since the gun had been seen in the defendant's possession.).

The court has carefully reviewed the affidavit in support of the warrant and considered the arguments of the parties. Based on the totality of the circumstances, the court concludes that probable cause had not dissipated by the time the search warrant was executed one day after it was signed.

Accordingly for the reasons stated herein, the defendant has not established that the search warrant and its execution were deficient. Therefore, the court will recommend that the defendant's motion to suppress physical evidence and statements derived therefrom - II be denied.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **denying** defendant Anthony Dismuke's motion to dismiss. (Docket #9).

**IT IS FURTHER RECOMMENDED** that the United States district judge enter an order **denying** defendant Anthony Dismuke's motion to suppress physical evidence and statements derived therefrom. (Docket #10).

**IT IS ALSO RECOMMENDED** that the United States district judge enter an order **denying** defendant Anthony Dismuke's motion to suppress physical evidence and statements derived therefrom. (Docket #11).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 20th day of June, 2007.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

O:\CRIM\Dismuke rec.wpd  - 11 -

Case 2:07-cr-00081-LA    Filed 06/20/07    Page 11 of 11    Document 20