# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
       **Plaintiff,**

  v.                                                        Case No. 07-CR-81

**ANTHONY DISMUKE**
       **Defendant.**

## DECISION AND ORDER

Defendant Anthony Dismuke, charged with possessing firearms as a felon, moved to suppress evidence seized from his home pursuant to a search warrant. He argued that the warrant application failed to establish probable cause for the search and sought an evidentiary hearing on the issue of whether the officers acted in good faith in applying for and executing the warrant.

The motion was referred to a magistrate judge, who declined to hold a hearing and recommended that the motion be denied. Defendant objects, requiring me to the review the matter de novo. Fed. R. Crim. P. 59(b)(3).

## I. FACTS

On January 28, 2007, Milwaukee Police Department ("MPD") Officer Anthony Randazzo applied for a search warrant. In his affidavit, Randazzo averred that on January 27, 2007, he was contacted by a reliable confidential informant who stated that he had information about a subject in possession of at least three firearms. The informant stated that he had seen Anthony Dismuke, a black male, in possession of at least three firearms within the last week. The informant further stated that Dismuke lived at 2528 West Locust Street. The informant

was able to identify Dismuke from a photograph as the person he had seen with a gun in his possession within the last week at 2528 West Locust. The informant stated that Dismuke possessed two pistols and a shotgun. Randazzo stated that he confirmed through questioning that the informant was familiar with firearms and knew the difference between semi-automatic weapons, revolvers, rifles, shotguns and non-firearm weapons like compressed air guns.

Randazzo averred that he checked Wisconsin court records and learned that Dismuke had been convicted of three felonies. Randazzo further averred that on January 27, 2007, he was able to confirm through driver's license information that Anthony Dismuke lived at 2528 West Locust Street. Randazzo stated that he also located an auto parked in the rear of 2528 West Locust which listed to Dismuke at the Locust Street address. Randazzo further stated that he knew 2528 West Locust to be a two story residence with brown siding, yellow trim and a black roof.

Randazzo averred that disclosure of the informant's identity would end the informant's usefulness to the MPD, discourage citizens from cooperating with the police and result in possible harm to the informant. Based on the informant's statement that Dismuke sells guns from his residence and keeps his own guns in the residence for protection, as well as Dismuke's record, Randazzo requested permission to enter without knocking.

A Milwaukee County Court Commissioner issued a no-knock warrant on January 28, 2007, which MPD officers executed the next day.

2

Case 2:07-cr-00081-LA   Filed 08/21/07   Page 2 of 9   Document 32

## II.  DISCUSSION

**A.     Applicable Legal Standard**

In ruling on a motion to suppress evidence recovered pursuant to a search warrant, the court employs a sequential two-step test.  See United States v. Koerth, 312 F.3d 862, 866 (7th Cir. 2002).  The court first determines whether there is substantial evidence in the record supporting the magistrate's finding of probable cause to issue the warrant.  United States v. Lloyd, 71 F.3d 1256, 1262 (7th Cir. 1995).  When, as in the present case, "the affidavit is the only evidence presented to the warrant-issuing magistrate, 'the warrant must stand or fall solely on the contents of the affidavit.'"  Koerth, 312 F.3d at 866 (quoting United States v. Roth, 391 F.2d 507, 509 (7th Cir. 1967)).

Probable cause to issue a warrant exists when the warrant application alleges facts sufficient to induce a reasonably prudent person to believe that a search will uncover evidence of a crime.  United States v. Peck, 317 F.3d 754, 756 (7th Cir. 2003).  The Supreme Court has explained that:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

Illinois v. Gates, 462 U.S. 213, 238 (1983).

The reviewing court considers the warrant application in a realistic and common sense manner in order to determine whether it alleges specific facts and circumstances that would permit the issuing magistrate to reasonably conclude that the evidence sought to be seized was associated with the crime alleged and located in the place indicated.  Koerth, 312 F.3d at 866-

3

67. Where the warrant application is supported by an informant's tip, the reviewing court considers:

> (1) whether the informant personally observed the events, (2) the degree of detail shown in the informant's statements, (3) whether the police independently corroborated the information, (4) the interval of time between the events and application for a warrant, and (5) whether the informant appeared in person before the judicial officer who issued the warrant.

United States v. Mykytiuk, 402 F.3d 773, 776 (7th Cir. 2005). No single factor is dispositive, and a deficiency in one may be compensated for by a strong showing in another or by some other indication of reliability. Peck, 317 F.3d at 756; United States v. Brack, 188 F.3d 748, 756 (7th Cir. 1999). Ultimately, the reviewing court must give the magistrate's determination of probable cause considerable weight and resolve doubtful cases in favor of upholding the warrant. United States v. Quintanilla, 218 F.3d 674, 677 (7th Cir. 2000).

If the court finds the warrant deficient, it must then proceed to the second step of the analysis, which is to determine whether the executing police officer could "have <u>reasonably believed</u> that the facts set forth in the affidavit were sufficient to support a magistrate's finding of probable cause." Koerth, 312 F.3d at 866 (citing United States v. Leon, 468 U.S. 897, 920-24 (1984)). The government bears the burden of demonstrating by a preponderance of the evidence that the police relied in "good faith" on the magistrate's decision to issue the warrant. Koerth, 312 F.3d at 868. An officer's decision to seek a warrant is prima facie evidence that he acted in good faith. Peck, 317 F.3d at 757; Koerth, 312 F.3d at 868. "The defendant must defeat this presumption with evidence that the issuing magistrate judge wholly abandoned his judicial role or that the officer's affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." United States v. Wiley, 475 F.3d 908, 917 (7th Cir.), cert. denied, 127 S. Ct. 2966 (2007).

**B.     Analysis**

   **1.     Probable Cause**

Probable cause supported the warrant in the present case. The informant gave Officer Randazzo recent, first-hand information, stating that he saw defendant with three firearms within the past week. See Lloyd, 71 F.3d at 1263 (recognizing that an informant's first-hand observations support a finding of reliability); United States v. Muhammad, 928 F.2d 1461, 1465 (7th Cir. 1991) (upholding warrant based on an informant's statement that he observed a gun in the defendant's residence within a week of the warrant application); United States v. Price, 888 F.2d 1206, 1209 (7th Cir. 1989) (upholding warrant based on "recent, first-hand information").[1] The informant provided defendant's full name and address, and identified defendant from a photograph. See, e.g., United States v. Madden, 220 Fed. Appx. 290, 292 (5th Cir. 2007) (finding probable to search where the informant identified the defendant "by name and by photograph"); United States v. Caldwell, 423 F.3d 754, 760 (7th Cir. 2005) (finding probable cause based in part on a confidential informant's identification of the defendant from a photo). Further, the informant described the firearms defendant possessed as two pistols and a shotgun, and Randazzo confirmed that the informant understood the difference between various types of guns. Randazzo also confirmed the informant's information by checking driver's license records, learning that defendant lived at the address

---

[1] Defendant contends that the informant's statement that he saw the guns "within the last week" is vague. However, in context it appears plain that the informant made his observation some time between January 20 and January 27. Courts have held that such passage of time is insignificant when dealing with a continuing offense such as firearm possession. See, e.g., United States v. Maxim, 55 F.3d 394, 397 (8th Cir. 1995); see also United States v. Harju, 466 F.3d 602, 608 (7th Cir. 2006) (noting that "only three weeks had elapsed since the gun had been seen in Mr. Harju's possession on his property, and, unlike small amounts of drugs or cash, the gun was not likely to have been sold (or consumed) during that period of time").

5

the informant provided, and by personally inspecting the residence, observing a car listed to defendant parked behind it. Finally, Randazzo checked court records, learning that defendant was a convicted felon and thus could not lawfully possess firearms. See, e.g., United States v. Smith, 182 F.3d 473 (6th Cir. 1999) (upholding warrant based on an informant's tip that he saw the defendant with two pistols, where police independently confirmed that the defendant was a convicted felon and lived at the address provided by the informant).

It is true that Randazzo provided no support for his assertion that the informant was "reliable." See Koerth, 312 F.3d at 867 (stating that an assertion that an informant is reliable is, absent any supporting factual information, entitled to no weight). However, reliability may be shown by means other than the informant's past record of reliability, such as "through independent confirmation or personal observation by the police, or by other methods." United States v. Scott, 19 F.3d 1238, 1242 (7th Cir. 1994). Randazzo corroborated the informant's information in the present case by having the informant identify defendant from a photo, checking defendant's address against driver's license records, and personally traveling to defendant's residence, where he saw a car listed to defendant parked. Randazzo also quizzed the informant on his knowledge of firearms. Given this corroboration, Randazzo's failure to provide detail on the informant's situation and past reliability does not defeat probable cause.

Defendant also points to some uncertainty in the affidavit about how many firearms the informant saw inside 2528 West Locust. Specifically, while the informant indicated that he saw defendant "in possession of at least 3 firearms within the last week," he also stated that he saw defendant with "a gun . . . at the address of" 2528 West Locust. (Aff. for Search Warrant [R. 10-2] ¶ 4, emphasis added.) However, even if the informant only saw one gun (rather than three) inside 2528 West Locust, there was still probable cause to search for that gun.

6

Furthers,"[c]ourts have acknowledged that individuals who own guns keep them at their homes." Smith, 182 F.3d at 480; see, e.g., United States v. Anderson, 851 F.2d 727, 729 (4th Cir. 1988) (collecting cases holding that it is reasonable to assume that individuals who have guns keep them in their homes); see also United States v. Anderson, 450 F.3d 294, 303 (7th Cir.), cert. denied, 127 S. Ct. 532 (2006) ("Probable cause does not require direct evidence linking a crime to a particular place. Instead, issuing judges are entitled to draw reasonable inferences about where evidence is likely to be found given the nature of the evidence and the type of offense.") (internal citation and quote marks omitted). Thus, the fact that the informant did not specify the exact number and location of firearms within 2528 West Locust also does not defeat probable cause.[2]

Therefore, for all of these reasons and those stated by the magistrate judge, I find that the warrant was supported by probable cause.[3]

**2.  Good Faith**

Even if the warrant was not supported by probable cause, I would uphold the search under Leon. The fact that the officers applied for a warrant represents prima facie evidence that they acted in good faith. The record contains no evidence that the court commissioner abandoned his neutral, detached judicial role, and the information contained in the warrant

---

[2] The informant also told Randazzo that defendant "keeps his own guns in the residence to protect him from people that may want to rob him." (Aff. for Search Warrant ¶ 8.) Thus, in addition to drawing the inference that persons who own guns often keep them in their homes, the issuing commissioner had specific information that defendant kept his guns in his house.

[3] Before the magistrate judge, defendant also argued the officers failed to execute the warrant "forthwith," rendering stale the information upon which the warrant was based. The magistrate judge properly rejected this argument, and defendant does not object to her analysis, which I adopt as my own. (Recommendation [R. 20] at 8-10.)

7

application was sufficient to allow the officers to reasonably believe that probable cause existed. While Randazzo's affidavit could have included more information, courts have found good faith reliance on less. See Harju, 466 F.3d at 603-04 (applying good faith exception to warrant based on statement from unidentified informant that his relative had seen the defendant with a gun in his house about three weeks earlier).

Defendant asks me to conduct an evidentiary hearing on the issue of good faith. He proffers evidence which, he contends, demonstrates that Randazzo misled the issuing court commissioner. See Peck, 317 F.3d at 757 (stating that the good faith exception does not apply if the officers were reckless or dishonest in preparing the affidavit). Specifically, he contends that Randazzo over-stated the contents of Department of Motor Vehicle ("DMV") records in two ways.

First, Randazzo averred that driver's license information showed that defendant "does live at 2528 W. Locust St." (Aff. for Search Warrant ¶ 4, emphasis added). Defendant argues that although DMV records show that he received a driver's license with that address on February 12, 2002, such records could not have shown that he currently lived at 2528 West Locust in January 2007, when the warrant issued. However, nothing in the DMV records defendant submits (R. 28-2) suggests that defendant had moved or used a different address in January 2007. It was entirely reasonable for Randazzo to believe that defendant continued to live at 2528 West Locust, the only address contained in the records, see Wis. Stat. § 343.22 (requiring a holder of a driver's license to notify the department of a change of address within ten days), and I cannot conclude that Randazzo attempted to mislead the court commissioner by using the present tense in discussing these DMV records.

Second, Randazzo averred that the auto he saw parked outside 2528 West Locust "lists

8

to Dimsuke at the address of 2528 W. Locus Street." (Aff. for Search Warrant ¶ 4.) Defendant states that DMV records show that the vehicle registration for the car in question expired on October 31, 2003, years before the warrant issued. (R. 28-3.) Thus, he contends that it was misleading for Randazzo to imply that the vehicle currently listed to defendant at 2528 West Locust. However, no other address appears in the vehicle records defendant submits. Further, the records show that the car was not only registered to defendant at 2528 West Locust but also titled to him at that address. Randazzo did not specifically rely on vehicle registration as opposed to title records. In any event, given the fact that 2528 West Locust was the only address appearing in all of defendant's DMV records, I see nothing slippery in Randazzo's use of the present tense in discussing those records.

Therefore, defendant has failed to make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." Franks v. Delaware, 438 U.S. 154, 155-56 (1978). Accordingly, his request for a hearing is denied.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (R. 20) is **ADOPTED**, and the motion to suppress (R. 10, 11) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

9