# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
       **Plaintiff,**

  v.                                           **Case No. 07-CR-81**

**ANTHONY DISMUKE**
       **Defendant.**

## DECISION AND ORDER

The government charged defendant Anthony Dismuke with possessing two firearms as a felon. See 18 U.S.C. § 922(g)(1). Both sides filed motions in limine: the government sought permission pursuant to Fed. R. Evid. 609 to impeach defendant with four prior felony convictions, and defendant sought the exclusion of certain evidence. I granted the government's motion and granted in part and denied in part defendant's motion on the record prior to the commencement of the trial. I indicated that a written version of the decision would follow.

### I. GOVERNMENT'S RULE 609 MOTION

**A.  Applicable Legal Standard**

Rule 609(a) permits the government to attack the credibility of an accused with evidence that he has been convicted of a crime punishable by imprisonment in excess of one year "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."[1] The Seventh Circuit has adopted a five-part test for determining

---

[1] The Rule generally provides a ten-year time limit for such convictions, measured from the later of the date of conviction or the defendant's release from confinement. Fed. R. Evid.

whether the probative value of a conviction outweighs its prejudicial effect. Under this test, the court considers: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. United States v. Montgomery, 390 F.3d 1013, 1015 (7th Cir. 2004) (citing United States v. Mahone, 537 F.2d 922, 929 (7th Cir. 1976)).

**B.    Relevant Facts and Background**

The government sought to introduce four prior convictions to impeach defendant in the present case: (1) a 1998 fleeing conviction; (2) a 2003 possession of THC – second offense conviction; (3) a 2003 operating a motor vehicle without owner's consent conviction; and (4) a 2004 possession of THC with intent to deliver conviction. All of these convictions are felonies and all fall within the ten-year window of Rule 609(b).

In its motion, the government indicated that the charges in this case arose out of the execution of a search warrant at 2528 West Locust Street on January 29, 2007, pursuant to which officers recovered two handguns from defendant's home. The government stated that defendant made various statements to officers throughout the course of the investigation. First, after an officer read the warrant, defendant shouted at the officer "of course he has guns, everybody on the block got guns." (Govt.'s Notice [R. 36] at 2.) Second, while the police conducted the search, defendant told another officer that the incident "was no big deal and that he did own two .25 caliber handguns." (Id.) Defendant also stated that the officers were wasting their time and should focus on those who used guns for robbing and killing, not people

---

609(b).

like him who own guns for protection. He also inquired about his potential bail amount and commented on how the rate was significantly less when he was previously arrested for having a gun.

Finally, defendant made two statements to Detective Michael Kurowski, the first at the house and the second at the police station. In the statement at the house, after asking Kurowski what the warrant was for, defendant said that the police "didn't have to do it like that and that he wouldn't shoot it out with the police with the small guns that were found in the house." (Id. at 3.) He also referred to the guns as "pea shooters" and said that everyone in the neighborhood had guns and they were just for protection. In the post-arrest statement at the police station, defendant stated that one gun was loaded with five bullets, "just enough so a motherfucker can sleep comfortable." (Id. at 3.) He also claimed that the guns belonged to his kids, who were not felons, and that he would investigate his family about the guns.

**C.    Analysis**

Applying the five-factor Mahone test, I concluded that the probative value of admitting these convictions outweighed their prejudicial effect. The first factor – the impeachment value of the prior convictions – weighed in favor of exclusion; none of the priors directly related to defendant's truthfulness. However, the other factors weighed in favor of admission.

The four crimes at issue all fell within the ten-year window of Rule 609(b), and three of them occurred within the past four years. Although the 1998 conviction was nearly ten years old, defendant's subsequent history, which included the three additional felony convictions, supported admission. Further, none of the prior offenses were similar to the instant offense; therefore, they did not tend to suggest that defendant had a propensity to posses guns. See Montgomery, 390 F.3d at 1015 (finding that dissimilarity between the instant offense and prior

3

convictions supported admissibility because the priors would not tend to suggest to the jury that the defendant had any tendency to commit the instant offense).

Most importantly, it appeared that defendant's testimony and credibility would be important in this case. It appeared that the central issue for trial would be defendant's knowing possession of the firearms found in the house. Defendant allegedly made several statements to the officers bearing on this issue, some of which appeared to be conflicting. The government also believed that defendant might offer a version of events at trial contrary to that presented to the officers. Therefore, it appeared that the jury would be called upon to make a determination of his credibility, which may be the critical issue in the case.

I also noted that the jury would, due to the nature of the charge, be advised that defendant was a felon. Thus, the prejudicial effect that may be present in cases in which the jury would not otherwise be aware of the defendant's record was not present here. See id. (noting that because the defendant was charged within felon in possession, the jury would know he was a felon anyway). Finally, I agreed to provide an appropriate limiting instruction to the jury. See United States v. Hernandez, 106 F.3d 737, 740 (7th Cir. 1997) (upholding admission of prior conviction where the court "cautioned the jury that the conviction was to be considered solely to assess the credibility of the defendant").

For all of these reasons, I granted the government permission to impeach defendant with the four prior felony convictions listed in the government's notice.[2] Under the circumstances, the probative value of this evidence outweighed any prejudice to the defendant. See, e.g., United States v. Gant, 396 F.3d 906, 910 (7th Cir. 2005) (permitting the government

---

[2]Defendant later elected not to testify at trial.

4

to impeach the defendant in a felon in possession case with his prior conviction for possession of a controlled substance with intent to deliver, where the defendant's credibility "was a crucial part of the trial"); Montgomery, 390 F.3d at 1015-16 (permitting the government to impeach the defendant in a felon in possession case with six prior felony convictions where "even if some of the Mahone factors were neutral or favored exclusion, the central role of Montgomery's testimony and the importance of his credibility strongly favored the admission of his prior convictions"); United States v. Nururdin, 8 F.3d 1187, 1192 (7th Cir. 1993) (permitting the government to impeach the defendant in a felon-in-possession case with four prior felony convictions based on the importance of the defendant's testimony, and the centrality of the credibility issue where the defendant and the officers offered conflicting accounts, and any prejudicial effect was overcome by the court's limiting jury instruction).

## II. DEFENDANT'S MOTION IN LIMINE

In his motion, defendant sought exclusion of four types of evidence.

### A. Documents and Physical Evidence

Defendant first sought exclusion of any documents or other physical evidence seized from the residence at 2528 West Locust Street, which contained his name and either indicated that it was created prior to January 2007 or containd no date information. Defendant stated that the government planned to introduce this evidence for the purpose of proving his possession and control of the premises, and in particular certain rooms from which police seized two firearms and ammunition.

Courts have regularly upheld the use of such evidence. See United States v. Serrano, 434 F.3d 1003, 1005 (7th Cir. 2006) ("Many courts, including ours, have held that merchandise

5

receipts, utility bills, and similar documents are not hearsay when they are offered as circumstantial evidence to link a defendant to a particular place, to other defendants, or to an illegal item."); see also United States v. Richardson, 208 F.3d 626, 632 (7th Cir. 2000) (finding that the defendant "had a substantial connection to the house: in his bedroom were multiple medicine bottles labeled with his name as well as his clothes; he received his mail at 1704 N. 37th Street; and he admitted that he was the caretaker and landlord of the address"); United States v. Kitchen, 57 F.3d 516, 520 (7th Cir. 1995) ("The search revealed, in addition to the firearms, a number of Kitchen's possessions – his El Rukn bracelet, bills and papers bearing his name and various articles of men's clothing."). However, defendant argued that to the extent the documents were created prior to January 2007 (when police seized the guns at issue) or contained no date information, they lost their probative value because they did not tend to suggest his possession or control of the premises at a time "reasonably close" to the date of the charged offense. See Federal Criminal Jury Instructions of the Seventh Circuit § 4.04 (1999) ("Date of Crime Charged").

I disagreed. These documents were relevant because the police seized them from 2528 West Locust on January 29, 2007, i.e. on the same date and from the same place they seized the guns. It was their presence at the scene of the crime that made them relevant, not the specific information they contained (including any date information). See Serrano, 434 F.3d at 1006 (stating that such documents have evidentiary value because they are found at the scene of the crime, not because they state that the defendant lives at a certain address). Defendant's argument would have had some force if the government had sought to introduce documents recovered from 2528 West Locust weeks or months prior to the seizure of the guns. In that scenario, the link would be attenuated. But under the facts of this case, I failed to see

6

how older documents lacked probative value. See id. at 1005 ("When someone's important personal papers turn up inside a house or in the trash right outside, it is reasonable to believe, in the absence of some believable alternative explanation, that their owner is affiliated in some way with the premises.").

Defendant cited no authority for his position, and I found none. Neither Serrano nor the cases cited in it appeared to have placed such limits on documents admitted to show occupancy and control. Therefore, I denied this request.[3]

**B.  Ammunition**

Defendant next sought exclusion of any ammunition, other than .25 caliber bullets (which matched the two guns he was charged with possessing), on the grounds that such evidence had no probative value as to the specific crime charged and would be unduly prejudicial in that it would allow the jury to speculate that he possessed or controlled other firearms. The government agreed not to introduce evidence of other caliber ammunition, making this request moot.

**C.  Prior Convictions**

Next, defendant argued, without elaboration, for exclusion of evidence of his prior convictions to impeach his credibility under Fed. R. Evid. 609. For the reasons stated above, I denied this request.

**D.  Miscellaneous Requests**

Finally, defendant sought exclusion of testimony by prosecution witnesses or tape

---

[3]Defendant was permitted to argue to the jury that he left some of the documents behind after he moved out of 2528 West Locust, and that his ex-wife kept the utilities for the property in his name after their divorce, thus explaining the presence of the documents.

7

recorded statements by himself pertaining to the following subjects.

### 1.     Defendant's Prior Convictions, Incarceration, Probation or Parole

As discussed above, I permitted the government to introduce evidence of defendant's four prior felony convictions for the purpose of attacking his credibility. See United States v. Robinson, 8 F.3d 398, 409 (7th Cir. 1993) (stating that evidence of priors admitted to impeach the defendant should be limited to the name of the crime, the date and the disposition; only if the defendant tries to explain away the prior conviction may the government delve into the details). The government was also permitted to prove up the predicate felony needed to sustain the charge under 18 U.S.C. § 922(g)(1).[4]  I concluded that such evidence otherwise appeared to be irrelevant and unduly prejudicial, and thus subject to exclusion.

### 2.     Opinions About Defendant's Propensity to Commit Crimes

I agreed that such evidence was inadmissible under Fed. R. Evid. 404(a) and would not be allowed.

### 3.     References to "Career Criminals"

The government stated that during his recorded interview at the police station the defendant made several statements and admissions, including describing himself as a "career criminal," admitting to two felony convictions, acknowledging previously selling drugs, admitting that drugs scales were found in the house (but they were not used anymore), discussing trying to set up a gun purchase (which fell through), and discussing others in the neighborhood selling guns. The government argued that defendant's description of himself as a career criminal was not solicited by law enforcement, and the jury should be entitled to interpret the phrase "career

---

[4]The parties stipulated to this element.

8

criminal." I disagreed. I found that such references would be unduly prejudicial, see Fed. R. Evid. 403; would invite the jury to speculate; and most directly pertained to the sentence defendant would receive if convicted, which is a matter for the court, not the jury. Thus, I directed the government to avoid such references. Along those lines, I indicated that I would not read or provide to the jury that portion of the indictment alleging that defendant is an Armed Career Criminal.

The government further argued that statements about setting up firearm deals or knowledge of firearm sales was relevant to the charge of possession of firearms. I disagreed. Defendant was charged with possession of firearms, not attempted sale of firearms. Thus, such evidence was not directly relevant to the charged offense. Further, evidence suggesting that defendant sold guns, to the extent marginally relevant to the issue of possession, would be unduly prejudicial, Fed. R. Evid. 403, and constitute evidence of other crimes, wrongs or acts, Fed. R. Evid. 404(b). Finally, the government was able to introduce statements by the defendant directly pertaining to his possession of the guns, which were not tainted by references to other attempted crimes. Thus, I granted this defense request.

### 4. References to Others in the Neighborhood Selling Drugs

I also agreed that references to drug selling in the area would be irrelevant and unduly prejudicial, and should not be presented.

### 5. References to Digital Scales and Drug Dealing

I likewise concluded that references to digital scales and drug selling would be irrelevant and prejudicial, and the government indicated that it would not present such evidence.

9

**6.     Application for a Search Warrant and the Information Submitted in Support**

Finally, I concluded that the government should be permitted to tell the jury how it was that police got inside 2528 West Locust Street on January 29, 2007, i.e. pursuant to a search warrant.  However, I agreed with defendant that further testimony about the warrant application process and the information submitted in support of the warrant did not appear to be relevant and may constitute hearsay.  Thus, absent some further showing of relevance, I forbid the government to present such testimony.

### III.  CONCLUSION

Therefore, for the reasons stated herein, the government's motion under Fed. R. Evid. 609 (R. 36) was **GRANTED**, and defendant's motion in limine (R. 39) was **GRANTED IN PART AND DENIED IN PART**.

Dated at Milwaukee, Wisconsin, this 7th day of November, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge