**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   **v.**                                            **Case No. 07-CR-81**

**ANTHONY DISMUKE**
        **Defendant.**

## DECISION AND ORDER

A jury convicted defendant Anthony Dismuke of possessing firearms as a felon, and I ordered him detained. Defendant now moves for release on bail pending sentencing. The standard for release is set forth in 18 U.S.C. § 3143(a), which provides:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).
>
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Thus, the general rule (except in cases where the sentencing guidelines do not recommend prison) is that a defendant convicted of an offense be detained unless he can show by clear and convincing evidence that he is not likely to flee or pose a danger to the community. 18 U.S.C. § 3143(a)(1). Defendants convicted of crimes of violence or terrorism, see § 3142(f)(1)(A), offenses for which the maximum sentence is life imprisonment or death, see § 3142(f)(1)(B), or drug offenses with a maximum sentence of ten years or more, see § 3142(f)(1)(C), generally must be detained.[1]  18 U.S.C. § 3143(a)(2).

Defendant contends that he is not likely to flee or pose a danger. He notes that he complied with his conditions of release prior to trial and twice returned from approved travel outside the district. He further notes that his ex-wife is willing to post her house as security or collateral for his release. According to an appraisal and mortgage payoff statement, she has significant equity in the home. Defendant indicates that if permitted bail he will reside with his daughter, and she presents a letter asking that he be released into her home. Finally, defendant states that possessing a firearm as a felon is not a crime of violence under § 3142(f)(1)(A), and his detention is therefore not required under § 3143(a)(2). See United States v. Johnson, 399 F.3d 1297 (11th Cir. 2005); United States v. Lane, 252 F.3d 905 (7th Cir. 2001). The government opposes release, believing defendant to be a flight risk.

According to the government, defendant is an armed career criminal under 18 U.S.C. § 924(e) based on his three previous convictions for serious drug offenses and/or violent felonies. As the government indicates in arguing that defendant presents a flight risk, an armed

---

[1] Even in mandatory detention cases under § 3143(a)(2), the court may allow release "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

2

career criminal is subject to a mandatory minimum of fifteen years in prison. For purposes of the instant motion, I further note that the statutory maximum for an armed career criminal is life in prison. See Custis v. United States, 511 U.S. 485, 487 (1994) ("The Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e) (ACCA), raises the penalty for possession of a firearm by a felon from a maximum of 10 years in prison to a mandatory minimum sentence of 15 years and a maximum of life in prison without parole if the defendant 'has three previous convictions . . . for a violent felony or a serious drug offense.'"); United States v. Vitrano, 495 F.3d 387, 388 (7th Cir. 2007) ("In light of Vitrano's status as an armed career criminal, . . . the new statutory maximum to which he was exposed was life in prison."). Thus, while simple felon in possession is not a mandatory detention offense, it appears that an armed career criminal is subject to mandatory detention under §§ 3143(a)(2) & 3142(f)(1)(B).

I have not yet determined that defendant is, in fact, an armed career criminal. The probation office has yet to complete a pre-sentence report, and I have made no definite findings on defendant's prior record. However, the government has prosecuted this case on the assumption that defendant qualifies under § 924(e), and defendant says nothing to the contrary. Thus, for purposes of evaluating his risk of flight, I must assume that defendant expects to receive a prison term of not less than fifteen years when he is sentenced on February 8, 2008.

Give this exposure, I cannot conclude that defendant has shown by clear and convincing evidence that he is not likely to flee if released. As the government notes, defendant's compliance with his conditions of release prior to trial provides limited assurance of his appearance now that the stakes have become much higher. Defendant obviously believed that he had a defense to the charge at trial, but the jury rejected it, and he is now looking at a

3

lengthy (and likely mandatory) prison sentence, which provides strong incentive to flee.

It is true that defendant proposes posting a home with significant equity to secure his release. However, the nature of defendant's relationship with his ex-wife, the owner of the home, is unclear. Based on some of the trial testimony, it appears that the two have at least at times been estranged; at one point she apparently had a restraining order against him. The court may, in assessing the sufficiency of any property posted to secure release, consider whether the person posting the property has sufficient "moral suasion" over the defendant to ensure his appearance. United States v. Hammond, 204 F. Supp. 2d 1157, 1166 (E.D. Wis. 2002) (citing United States v. Batista, 163 F. Supp. 2d 222, 226 (S.D.N.Y. 2001)); see also 18 U.S.C. § 3142(g)(4) (stating that the court "shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required"). In the present case, it is not clear that the prospect of his ex-wife losing her home will be sufficient to ensure that defendant does not flee to avoid a likely fifteen+ year sentence.

Finally, as the government notes, although defendant has family in Milwaukee, he lacks other personal ties to this district such as property or employment. It also appears that he has family in other states, including California, which could provide a possible flight destination.

Therefore, for all of these reasons, defendant's motion for release pending sentencing (R. 57) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of December, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge